CLERK'S OFFICE
A TRUE COPY
Dec 14, 2020
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Devices A, B, C, and D more fully described<br>in Attachment A. | Case No. **20-M-485 (SCD)** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before __12-28-20__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Stephen C. Dries__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __12-14-20 9:55 am__     *Stephen C. Dries*
                                                *Judge's signature*

City and state: __Milwaukee, WI__     Hon. Stephen C. Dries, U.S. Magistrate Judge
                                      *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

**Error! Reference source not found.**

This warrant authorizes the forensic examination of Devices A, B, C, and D for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, Section 2250(a) and involve Mark R. Ellickson since July 1, 2018, including:

   a. Information relating to Mark Ellickson's (hereinafter "Ellickson") travel in interstate commerce;

   b. Information relating to where Ellickson resided and any employment;

   c. Evidence of who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," and instant messaging logs;

   d. Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

   e. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

   f. Evidence of the times the Devices were used;

   g. Passwords, encryption keys, and other access devices that may be necessary to access the Devices;

   h. Telephone number associated with the Devices;

   i. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Dec 14, 2020
s/ Jeremy Heacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Devices A, B, C, and D more fully described in<br>Attachment A. | Case No. 20-M-485 (SCD) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Eastern___ District of ___Wisconsin___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2250(a) | Failure to Register |

The application is based on these facts:
See Attached Affidavit

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: ___)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Deputy U.S. Marshal Robert Bressers
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 12/14/20

*Judge's signature*

City and state: Milwaukee, WI    Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Robert Bressers, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, electronic devices, that are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Deputy with the United States Marshals Service and have been since 2010. As part of my duties, I investigate violations of federal and state laws, including those relating to fugitives. I have also received specialized training in the investigation of violations of the Adam Walsh Act, as well as specialized training in the electronic communications field.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. I am submitting this affidavit in support of a search warrant for a black covered Samsung cellular telephone, IMEI number 354084115350767 hereinafter referred to as "Device A." A black, Insignia, 2.5", external hard drive, USB 3.0 serial number NS-PCHD235 hereinafter referred to as "Device B." A gray, WD, My Passport, external hard drive, serial number WXJ2A20P6XFA hereinafter referred to as "Device C." A gray HP, Bang and Olufsen, Spectre laptop, serial number 5CD834428Y hereinafter referred to as "Device D". Devices A, B, C, and D are currently located in the U.S. Marshal Service vault, locker #3 at 517 E. Wisconsin Ave, Milwaukee, WI 53202. Devices A, B, C, and D were located on Mark R. Ellickson's

person at the time of arrest. Devices A, B, C, and D were placed in a paper evidence bag by Deputy U.S. Marshal Marratt and transported to the U.S. Marshal Service Evidence vault for secure storage in locker #3.

5. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. Based upon my training, experience, and discussions with other law enforcement officers involved in the investigation of fugitives and violations of the Adam Walsh Act, I know that individuals who are wanted fugitives as well as sex offenders who are non-compliant will continue to use cellphones to remain in communication with family, friends, and associates. It is my experience that fugitives and non-compliant sex offenders will discuss their flight from prosecution as well as their continued non-compliance with the sex offender registry. Examples of this include:

> *(United States of America v. Sean Matthews, case number 13-CR-00083-JPS)* On April 18, 2013, Matthews was charged by criminal complaint in the Eastern District of Wisconsin with Failure to Register as a Sex Offender in violation of Title 18 U.S.C. 2250(a) and a warrant was issued for his arrest. Also on this date the Honorable Magistrate Judge William E. Callahan authorized a search warrant (13-M-453) authorizing the search of Matthews' residence for evidence of violation of Title 18 U.S.C. 2250(a). On April 22, 2013, Matthews was arrested and the search warrant executed at his residence by your Affiant and members of the U.S. Marshals Fugitive Task Force. Among the items seized from Matthews' residence were two cellphones. The resulting search of Matthews' phones, as authorized by the search warrant, found evidence of Matthews having been employed and having continued to maintain residency within the Eastern District of Wisconsin to include text messages between himself and his girlfriend about his employment and photographs taken of Matthews in and around his residence.
>
> *(United States of America v. James Smith, case number 14-CR-00191-RTR)* On September 22, 2014, Smith was charged by criminal complaint in the Eastern District of Wisconsin with Failure to Register as a Sex Offender in violation of Title 18 U.S.C. 2250(a) and a warrant issued for his arrest. On September 23, 2014, Smith

2

was arrested by the U.S. Marshals Service in the Southern District of Mississippi. Smith's cellphone was seized from him at the time of his arrest. October 13, 2014, a search warrant authorizing the search of Smith's cellphone was authorized by the Honorable Magistrate Judge Nancy Joseph (14-966M(NJ)). The resulting search of Smith's phone revealed evidence of Smith knowingly failing to register as a sex offender to include text messages between Smith and his sister where they discuss his failure to register as a sex offender and Smith's desire to further elude law enforcement.

7. On September 29, 1997, Ellickson was convicted in Cook County Circuit Court, Cook County, IL, of Aggravated Criminal Sexual Abuse of a victim under 13 years old, Court Case Number 97C330367-01.

8. As a result of his conviction, Ellickson is required to register as a Sex Offender.

9. On 02/02/2006 at the commencement of Ellickson's probation term, he was provided the Illinois Sex Offender Registration Act Notification Form and Duty to Register Forms. Ellickson has acknowledged his requirement to register as a sex offender with the Illinois Sex Offender Registry by signing the Illinois Sex Offender Registration Act Notification Form and Duty to Register Forms on at least the following dates: 02/02/2006, 02/21/2007. Language contained in these forms read in part:

   a. "Within 5 days of changing your address, you must report your new address in person with the law enforcement agency with whom you last registered. You must, within 5 days of changing your address, register in person with the police department or if none, sheriff's office having jurisdiction at your new address. Temporary absences for more than 5 days in a calendar year require you to register your new address."

3

b. "If you move to another state, you must register with that state within 5 days. You must notify the agency with whom you last registered in-person of your new address, at least 5 days before moving."

10. On 10/09/2015, Ellickson registered as a sex offender at the Canyon County Sheriff's Office in Idaho and provided his address as 512 20th Avenue S., Nampa, Idaho 83651. Ellickson acknowledged his requirement to register as a sex offender with the Idaho Sex Offender Registry by signing the Idaho Sex Offender Registration Form and the Idaho Registration Requirements Notification Form. Language contained in these forms read in part:

a. "You must, within two (2) working days provide written notice in person to the sheriff of the county where you are required to register of any change of residence or mailing address; employment or student status; or name."

b. "You must report any lodging lasting seven (7) days or more, regardless of whether the lodging would be considered a residence."

c. "If you move to another jurisdiction, you must register in that jurisdiction within two (2) days of moving to the jurisdiction. You will not be removed from the Idaho registry until registration in another jurisdiction is complete."

11. On/06/23/2017, Ellickson pleaded guilty to the offense of Failure to Register as a Sex Offender in the District Court of the Third Judicial District of the State of Idaho in and for the County of Canyon, Case # CR-2016-14981*C. Ellickson was sentenced by Idaho District Judge Bradley S. Ford to the custody of the Idaho State Board of Correction for a minimum period of confinement of 2 years, followed by a subsequent indeterminate period of confinement not to exceed 3 years for a total unified term of 5 years.

12. On 04/23/2018 prior to release from the Idaho State Board of Corrections, Ellickson acknowledged his requirement to register as a sex offender with the Idaho Sex Offender Registry by signing the Idaho Sex Offender Registration Form and the Idaho Registration Requirements Notification Form.

13. On 04/23/2018, Ellickson registered as a sex offender at the Ada County Sheriff's Office. Fingerprints, palm prints, and a photo of Ellickson were taken as part of the registration process. At this time, Ellickson provided his primary physical address as 3300 S. Vista Avenue, #140, Boise, Idaho 83705 and stated he had been at that primary address three days

14. On 04/26/2018, Idaho State Police, Bureau of Criminal Identification (ID BCI), the agency responsible for registering sex offenders in Idaho, sent an email to Ada County Sheriff's Office notifying them that Ellickson was now non-compliant.

15. On 06/22/2018, a Legislative Changes Letter was mailed to Ellickson at his registered address 3300 S. Vista Avenue, #140, Boise, Idaho 83705.

16. On 07/05/2018, the Legislative Changes Letter was returned to ID BCI by the Postal Service.

17. On 07/05/2018, ID BCI notified Ada County Sheriff's Office that Ellickson's Legislative Changes Letter had been returned by the Postal Service and Ellickson remains non-compliant.

18. On 08/01/2018, ID BCI sent a four month address verification letter to Ellickson's registered address of 3300 S. Vista Avenue, #140, Boise, Idaho 83705.

19. On 08/14/2018, ID BCI notified Ada County Sheriff's Office that Ellickson failed to return his four month address verification form.

20. On 12/03/2018, ID BCI sent a four month address verification letter to Ellickson's registered address of 3300 S. Vista Avenue, #140, Boise, Idaho 83705.

21. On 12/18/2018, Ellickson's address verification form was returned by the Postal Service to ID BCI.

22. On 12/18/2018, ID BCI notified Ada Country Sheriff's Office that Ellickson's address verification form had been returned by the Postal Service and Ellickson remained non-compliant.

23. On 04/01/2019, ID BCI sent the Annual Sex Offender Registration Notice to Ellickson's registered address of 3300 S. Vista Avenue, #140, Boise, Idaho 83705.

24. On 04/15/2019, ID BCI notified Ada County Sheriff' Office that Ellickson failed to complete his Annual Registration and remained non-compliant.

25. On 09/04/2020, Deputy U.S. Marshal (DUSM) Kasey Doty in the District of Idaho received a referral from ID BCI regarding non-compliant sex offender Mark R. Ellickson.

26. On 09/17/2020, DUSM Doty contacted a Confidential Source (CS) who lives in the Milwaukee area. The CS stated they were aware that Ellickson is a sex offender and is currently working for Eassel LLC located at 615 S. 89th Street, Milwaukee, WI 53214. The CS said Ellickson is an acquaintance through employment and has had regular contact with him.

27. On 09/18/2020, your affiant received a collateral lead from DUSM Doty requesting an assessment of Ellickson for a possible violation of 18 U.S.C. § 2250(a) - Failure to Register. On or about this date, affiant contacted the West Allis Police Department regarding a domestic violence incident report. The report shows Ellickson resided at 1414 S. 86th Street, West Allis, WI 53214 on 07/19/2018. In addition, the report shows that on 07/19/2018 the West Allis Police Department responded to 1414 S. 86th St., West Allis, WI to investigate a disorderly

conduct report related to domestic violence regarding Ellickson. West Allis Police Officer Iskandarani spoke to the alleged victim, Lauren P. Cole, DOB: XX/XX/1984. Cole reported she was assaulted and that her live-in boyfriend, Mark R. Ellickson, pushed her down the front porch during an argument. Officers attempted to locate Ellickson. However, he was not home at the time Cole reported the incident. Follow-up was conducted at Ellickson's employer, Silk Exotic Gentlemens Club located at 11400 W. Silver Spring Rd, Milwaukee, WI 53225 however, he was not located. Area hotels were checked yielding negative results. Ellickson was booked out of custody for Domestic Violence Battery. On 07/19/2018, the West Allis Police Department issued a 72 hour No Contact Order against Ellickson related to the domestic violence incident that occurred on 07/19/2020.

28. On 09/28/2020, your affiant contacted Monica Lukach, a Program Specialist for the Wisconsin Department of Corrections Sex Offender Registry (WIDOC SOR). Program Specialist Lukach emailed affiant a memo from the WIDOC SOR stating Ellickson has never attempted to register as a sex offender in the State of Wisconsin.

29. On 11/02/2020, your affiant received a response to a WE Energies subpoena regarding Ellickson and his former address at 1414 S. 86th Street, West Allis, WI 53214. WE Energies records shows the account holder to be Ellickson and was opened on 07/29/2018. The phone number associated to the account is 847-217-5249. A check of law enforcement databases shows number 847-217-5249 is an active mobile phone number registered to Ellickson. The records also show the account holder social security number as XXX-XX-4386. A check of law enforcement databases shows this social security number belongs to Ellickson. According to the WE Energies account records for Ellickson, his power was scheduled to be shut-off on 03/06/2019.

30. On 09/28/2020, WIDOC SOR Program Specialist Monica Luckach provided affiant with a memo stating Ellickson has never contacted the Wisconsin Sex Offender Registry (WISOR). WISOR further indicated that Ellickson was a registered sex offender out of Illinois and that he had not made any attempts to register in Wisconsin.

31. On 11/03/2020, WIDOC SOR Program Specialist Monica Luckach emailed affiant an anonymous tip her office received. The tip was received regarding Ellickson and states "This person is living in Wisconsin. Shouldn't they be registered here? https://www.isp.idaho.gov/sor_id/SOR?id=31163&sz=1680. As far as I'm aware they are residing at: 615 South 89th Street Milwaukee, Wisconsin."

32. On 11/18/2020, Deputy U.S. Marshal (DUSM) Bryan Friedrich conducted surveillance at Silk Exotic Gentleman's Club located at 11400 West Silver Spring Road, Milwaukee WI. DUSM Friedrich observed Ellickson arrive in the parking lot of Silk Exotic in a Silver, Toyota RAV4, IL license plate: 9132607. Ellickson parked the vehicle and entered Silk Exotic with a black laptop case over his shoulder. DUSM Friedrich took several surveillance photos of Ellickson, his vehicle, and Ellickson walking into Silk with a black laptop case.

33. On 12/07/2020, affiant along with members of the Great Lakes Regional Fugitive Task Force (GLRFTF) in Milwaukee arrested Ellickson at Silk Exotic Gentlemen's Club located at 11400 Silver Spring Road, Milwaukee, WI. Ellickson parked a Silver, Toyota RAV4, IL license plate: 9132607 in the parking lot and got out of the vehicle with a black laptop bag over his shoulder and was arrested prior to going into the club. Device A was located in Ellickson's pants pocket and the black laptop bag he was carrying contained Devices B, C, and D.

## TECHNICAL TERMS

34. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

35. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://www.samsung.com/us/mobile/phones/, I know that the Samsung cellular telephone, IMEI number 354084115350767, Device A, has capabilities that allow it to make and receive wireless telephone calls, send and receive text messages, the ability to store and retrieve

9

information, send and receive e-mails, network with other devices, access the Internet, as well as taking photographs. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

36. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://shop.westerndigital.com/products/portable-drives/wd-my-passport-usb-3-0-hdd#WDBYVG0010BBK-WESN I know Device B a black, Insignia, 2.5", external hard drive, USB 3.0 serial number NS-PCHD235 and Device C a grey, WD, My Passport, external hard drive, serial number WXJ2A20P6XFA, have the ability to store and retrieve information. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device as well as evidence related to residency and insurance documents for property and/or vehicles.

37. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://store.hp.com/us/en/slp/weekly-deals/laptops?jumpid=ps_con_nb_ns&utm_medium=ps&utm_source=ga&utm_campaign=Notebooks_Branded_Intel_Search_Broad_10th-Gen_INTCPS&utm_term=%2Bhp%20%2Blaptop&matchtype=b&adid=450065419649&addisttype=g&ds_rl=1231771&gclid=EAIaIQobChMI0pfhvt-87QIVBJ2zCh3fEAbPEAAYASAAEgJvCvD_BwE&gclsrc=aw.ds I know Device D, a grey HP, Bang and Olufsen, Spectre laptop, serial number 5CD834428Y has the ability to store and retrieve information, send and receive e-mails, network with other devices, access the Internet, as

10

well as taking photographs. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device as well as evidence related to residency and insurance documents for property and/or vehicles.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

38. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

39. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device were used, the purpose of their use, who used them, and when they were used. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

40. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

41. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

42. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

# ATTACHMENT A

I am submitting this affidavit in support of a search warrant for a black covered Samsung cellular telephone, IMEI number 354084115350767 hereinafter referred to as "Device A." A black, Insignia, 2.5", external hard drive, USB 3.0 serial number NS-PCHD235 hereinafter referred to as "Device B." A grey, WD, My Passport, external hard drive, serial number WXJ2A20P6XFA hereinafter referred to as "Device C." A grey HP, Bang and Olufsen, Spectre laptop, serial number 5CD834428Y hereinafter referred to as "Device D". Devices A, B, C, and D are currently located in the U.S. Marshal Service vault, locker #3 at 517 E. Wisconsin Ave, Milwaukee, WI 53202. Devices A, B, C, and D were located on Mark R. Ellickson's person at the time of arrest. Devices A, B, C, and D were placed in a paper evidence bag by Deputy U.S. Marshal Marratt and transported to the U.S. Marshal Service Evidence vault for secure storage in locker #3.

This warrant authorizes the forensic examination of Devices A, B, C, and D for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, Section 2250(a) and involve Mark R. Ellickson since July 1, 2018, including:

   a. Information relating to Mark Ellickson's (hereinafter "Ellickson") travel in interstate commerce;

   b. Information relating to where Ellickson resided and any employment;

   c. Evidence of who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," and instant messaging logs;

   d. Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

   e. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

   f. Evidence of the times the Devices were used;

   g. Passwords, encryption keys, and other access devices that may be necessary to access the Devices;

   h. Telephone number associated with the Devices;

   i. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.